UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO.: 5:20-cv-00082

| | | |
|---|---|---|
| OLD REPUBLIC<br>INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT FOR** |
| v. | ) | **DECLARATORY RELIEF** |
| | ) | |
| C&G EXPRESS TRUCKING, LLC, | ) | |
| KEVIN ROUNDTREE, and ESTATE OF | ) | |
| FRED O. HARRIS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMES NOW the Plaintiff, Old Republic Insurance Company ("Old Republic"), by and through counsel and pursuant to the provisions of 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure, and alleges as follows:

**Preliminary Statement**

1.     Pursuant to 28 U.S.C. § 2201, Old Republic seeks a declaratory judgment and adjudication concerning the rights, obligations, and liabilities of the parties with respect to the total amount of coverage available to defendants C&G Express Trucking, LLC ("C&G") and Kevin Roundtree ("Roundtree") under a policy of insurance issued by Old Republic for the claims asserted against C&G and Roundtree in a wrongful death lawsuit filed by defendant the Estate of Fred Harris (the "Estate").

## Jurisdiction

2.     Jurisdiction over the claim contained herein is invoked pursuant to 28 U.S.C. § 1332(a)(1) and (c) in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.00.

## Venue

3.     This action properly lies in the United States District Court for the Eastern District of North Carolina pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this declaratory judgment action occurred in this judicial district.

## Parties

4.     Old Republic is a Pennsylvania corporation with a principal place of business in Greensburg, Pennsylvania.

5.     C&G is a North Carolina limited liability company with its principal place of business at 111 Racquet Lane, Goldsboro, North Carolina.   Cory Gibbs is C&G's sole member, and upon information and belief Mr. Gibbs resides at 111 Racquet Lane, Goldsboro, North Carolina.

6.     Roundtree is an individual who resides at 109 Theo Drive, Goldsboro, North Carolina.

7.     The Estate is the legal estate of Fred O. Harris ("Harris"), who is a deceased individual who previously resided at 6264 U.S. Highway 13 South, Mount Olive, North Carolina.

## Factual Background

*I.     The Rental Agreement*

8.     Ryder Truck Rental, Inc. d/b/a Ryder Transportation Services ("Ryder") is engaged in renting or leasing motor vehicles to the public for operation by the rentee or lessee for a fee.

9.     On or about January 17, 2019, Ryder rented to C&G a 2016 Freightliner 26-foot diesel light duty van (the "Van") from Ryder's Goldsboro, North Carolina location.

10.     Pursuant to the Rental Agreement for the Van, C&G agreed to maintain $1 million in primary automobile liability insurance for the Van, covering both C&G and Ryder for the risk of loss or damage to persons or property arising out of the ownership, maintenance, use or operation of the Van.

11.     To evidence C&G's compliance with the Rental Agreement's insurance procurement provision, C&G's insurance agent, Peebles Insurance Agency ("Peebles"), issued to Ryder a Certificate of Liability Insurance dated December 3, 2018.

12.     The Certificate listed an automobile liability policy issued by AmGuard Insurance Company ("AmGuard") to C&G, bearing policy number NCFR906056, for the period October 15, 2018 to October 15, 2019, with liability limits of $1 million per accident (the "AmGuard Policy"). The Certificate indicated that the AmGuard Policy provided coverage for "ANY AUTO".

II.     *The Underlying Lawsuit.*

13.     On January 22, 2019, Roundtree was driving the Van in Newton Grove, North Carolina when he was involved in a collision with another vehicle operated by Harris (the "Collision").

14.     Upon information and belief, Harris died on February 1, 2019.

15.     On or about May 24, 2019, the Estate filed a lawsuit against C&G and Roundtree entitled *Estate of Fred Harris v. C&G Express Trucking, LLC et al.*, No. 19-cvs-587, in the Superior Court, Sampson County, North Carolina, seeking to recover damages for Harris' death under the Wrongful Death Act, N.C.G.S.A § 28A-18-2 (the "Lawsuit").

16.     In the Lawsuit, the Estate alleges that Harris sustained "severe painful permanent and deadly injuries" from the Collision and alleges that he died on February 1, 2019 "from multiple blunt force injuries" sustained in the Collision.

17.     The Estate further alleges that Roundtree was operating the Van in the course and scope of his employment for C&G, and thus claims that C&G is vicariously liable for Roundtree's negligence.

18.     The Estate seeks to recover against C&G and Roundtree a) compensation for pain and suffering experienced by Harris, b) reasonable funeral expenses, c) the monetary value of the loss of Harris' services, care and assistance, society, companionship, comfort, and guidance, and d) compensation for the conscious pain and suffering of Harris from the time of the Collision until his death.

19.     AmGuard has denied coverage to C&G and Roundtree for the Lawsuit under the AmGuard Policy on the ground that the Van is not a covered automobile under the policy.

III.    *The Old Republic Policy.*

20.     Old Republic issued a commercial automobile insurance policy to Ryder System, Inc., bearing policy number Z-35726, for the period covering the Collision ("ORIC Policy"). The ORIC Policy provides, subject to its terms, conditions, exclusions, and limitations, $1 million in automobile liability coverage per accident.

21.     Ryder is a Named Insured under the ORIC Policy.

22.     The ORIC Policy contains the "Autos You Lease Or Rent To Others" endorsement, which states in relevant part as follows:

> It is agreed that such "auto" liability insurance as is afforded by the policy, including the exclusions and conditions applicable thereto, for "bodily injury", "property damage", and "covered pollution cost or expense", applies to any one or more

persons or organizations leasing/renting a covered "auto" from any Named Insured subject to the following provisions:

    1.   If the Named Insured rents or leases an "auto" to others pursuant to any contract or agreement whereunder there is no provision requiring the Named Insured to provide "auto" liability insurance, the insurance afforded by the policy shall:

        a.   Not apply to any person or organization other than the Named Insured unless a minimum limit shall be required by state statute; in which case, the limit of our liability is the minimum limit required under the applicable state financial responsibility law with respect to any person or organization other than the Named Insured; and

        b.   Be excess over other valid and collectible insurance available to the Named Insured.

…

23.     North Carolina General Statutes § 20-281 states in relevant part as follows:

[I]t shall be unlawful for any person, firm or corporation to engage in the business of renting or leasing motor vehicles to the public for operation by the rentee, or lessee unless such person, firm or corporation has secured insurance for his own liability and those of his rentee or lessee, in such an amount as is hereinafter provided, from an insurance company duly licensed to sell motor vehicle liability insurance in this State. Each such motor vehicle leased or rented must be covered by a policy of liability insurance insuring the owner and rentee or lessee and their agents and employees while in the performance of their duties against loss from any liability imposed by law for damages … because of bodily injury to or death of any person and injury to or destruction of property caused by accident arising out of the operation of such motor vehicle, subject to the following minimum limits: thirty thousand dollars ($30,000) because of bodily injury to or death of one person in any one accident, and sixty thousand dollars ($60,000) because of bodily injury to or death of two or more persons in any one accident, and twenty-five thousand dollars ($25,000) because of injury to or destruction of property of others in any one accident.

24.     Pursuant to the Autos You Lease Or Rent To Others endorsement and the provisions of North Carolina General Statutes § 20-281, the maximum amount of coverage available to Roundtree and C&G for the Lawsuit under the ORIC Policy is $30,000.

25.     Old Republic offered to defend C&G and Roundtree for the Lawsuit under the ORIC Policy, subject to a full and complete reservation of rights, including Old Republic's right

to refuse to indemnify these parties for any liability assessed against them for the Lawsuit in excess of the $30,000 in coverage available to these parties under the ORIC Policy.

26.     C&G and Roundtree accepted Old Republic's offer of a defense subject to a reservation of rights, and Old Republic's assigned counsel is defending these parties for the Lawsuit pursuant to that reservation of rights.

Count One

(Declaratory Judgment Regarding Total Amount of Coverage<br>Available To C&G And Roundtree Under ORIC Policy).

27.     Old Republic repeats and reasserts the allegations set forth in paragraphs 1 through 26 of its Complaint as if set forth again herein.

28.     Pursuant to the Rental Agreement, Ryder did not agree to extend auto liability insurance for the Van.  Rather, that contractual obligation belonged to C&G alone.

29.     C&G advised Ryder that C&G complied with its contractual insurance procurement obligations by obtaining auto liability coverage for the Van under the AmGuard Policy, when in fact AmGuard contends that the Van is not covered under the AmGuard Policy.

30.     Pursuant to the Autos You Lease Or Rent To Others endorsement to the ORIC Policy, to the extent the provisions of North Carolina General Statutes § 20-281 require C&G and Roundtree to receive coverage for the Lawsuit under the ORIC Policy, the maximum amount of coverage available to Roundtree and C&G for the Lawsuit under the ORIC Policy is $30,000.

31.     A genuine, actual, and justiciable controversy between the parties to this action has arisen and presently exists concerning the amount of the coverage available to C&G and Roundtree for the claims asserted against them in the Lawsuit under the ORIC Policy, and Old Republic is entitled to a declaratory judgment as to its obligations and liabilities under the ORIC Policy.

32.     Old Republic seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure that, pursuant to the provisions contained in the ORIC Policy, the maximum amount of coverage available to C&G and Roundtree for the claims asserted against them in the Lawsuit under the ORIC Policy is $30,000. A final ruling by this Court will determine the rights and obligations of the parties and will settle the controversy between them as to this insurance coverage issue.

WHEREFORE, Old Republic hereby respectfully prays to the Court as follows:

1.     For a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 declaring the relative rights and obligations of the parties under the ORIC Policy;

2.     For a declaratory judgment that the maximum amount of coverage available to C&G and/or Roundtree for the Lawsuit under the ORIC Policy is $30,000; and

3.     For such other and further relief as the Court deems just and proper.

This 4th day of March, 2020.

GOLDBERG SEGALLA LLP

/s/ Brady A. Yntema
Brady A. Yntema
N.C. State Bar No. 25771
Brandon D. Zeller
N.C. State Bar No. 50245
701 Green Valley Road, Suite 310
Greensboro, NC 28408
Telephone:     336.419.4900
Facsimile:     336.419.4950
byntema@goldbergsegalla.com
bzeller@goldbergsegalla.com

*Attorneys for Plaintiff,*
*Old Republic Insurance Company*