IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-00082-M

| | |
|---|---|
| OLD REPUBLIC INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>C&G EXPRESS TRUCKING, LLC, KEVIN ROUNDTREE, AND ESTATE OF FRED O. HARRIS,<br><br>Defendants. | **OPINION AND ORDER** |

RICHARD E. MYERS II, District Judge.

Before the Court is Defendant Estate of Fred O. Harris' motion to dismiss [DE-11]. Defendant argues that this action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join a required party, AmGuard Insurance Company, under Rule 19. Although the Court does not reach Defendant's contentions, the motion to dismiss in GRANTED on other grounds. The Court *sua sponte* declines to exercise jurisdiction under the Declaratory Judgment Act.

I.  Background

This insurance coverage dispute arises out of a wrongful death action pending in North Carolina state court. [DE-1 (the "Complaint") ¶ 15.] On or about January 22, 2019, Defendant Kevin Roundtree, employee of Defendant C&G Express Trucking, LLC, was involved in a collision with a vehicle operated by Fred O. Harris, who died. [Complaint ¶¶ 13-14.] On or about

May 24, 2019, Defendant Estate of Fred O. Harris filed suit against C&G and Roundtree in state court, seeking to recover damages arising out of the collision under the North Carolina wrongful death statute, N.C.G.S.A. § 28A-18-12. [Complaint ¶ 15.] That case is currently pending.

Plaintiff in this case is Old Republic Insurance Company ("ORIC"), which issued an insurance policy to truck rental company Ryder [Complaint ¶ 20]; Ryder, in turn, rented the truck eventually involved in the collision to Defendant C&G [Complaint ¶¶ 9, 13]. Plaintiff ORIC filed this action, seeking a declaratory judgment regarding its obligations to Defendants C&G and Roundtree under the policy and the "Autos You Lease Or Rent To Others" endorsement it issued to Ryder. [Complaint ¶¶ 1, 21-24.] More specifically, Plaintiff "Old Republic seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202," that "the maximum amount of coverage available to C&G and Roundtree for the claims asserted against them in the [state] [l]awsuit under the ORIC Policy is $30,000," which is the minimum amount of coverage required by North Carolina state law. [Complaint ¶¶ 32, 20-24.]

Mentioned in the Complaint, although not party to it, is AmGuard Insurance Company. [Complaint ¶¶ 12, 19.] As a condition of the truck rental agreement between Ryder and C&G, C&G was required to obtain its own "primary automobile liability insurance for the [truck]," which it obtained from AmGuard. [Complaint ¶¶ 9-12.] AmGuard has denied coverage to C&G and Roundtree under its policy, arguing that the truck involved in the collision was "not a covered automobile." [Complaint ¶ 19.] According to the Complaint and Plaintiff's Opposition, ORIC's policy is only triggered if AmGuard's policy does not provide coverage for the incident. [Complaint ¶ 22 ("excess"); DE-17 at 3 ("AmGuard's denial of liability coverage under its policy triggered ORIC's liability coverage under the leased vehicle provisions of the ORIC Policy.").] In other words, Plaintiff ORIC seeks a declaratory judgment that, in the event it is obligated to

2

Case 5:20-cv-00082-M   Document 25   Filed 05/28/20   Page 2 of 6

provide coverage to C&G and Roundtree for liability arising from the collision, it is only liable for up to $30,000.

II.  Legal Standard

"Under the Declaratory Judgment Act, a district court, in 'a case of actual controversy within its jurisdiction . . . *may declare* the rights and other legal relations of any interested party seeking such declaration.' 28 U.S.C. § 2201(a) (emphasis added). This Act gives federal courts discretion to decide whether to declare the rights of litigants. . . . Rather than grant litigants a right to judgment in their case, it merely permits the courts to hear those cases." *Trustgard Ins. Co. v. Collins*, 942 F.3d 195, 201 (4th Cir. 2019) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87 (1995)).

The Court's exercise of jurisdiction under the Declaratory Judgment Act is discretionary. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288. "In determining whether practicality and wise judicial administration weigh in favor of hearing a claim related to an insurer's duty to indemnify, courts have considered a number of factors, including (1) whether hearing the case would 'intrude on the prerogative of state courts'; (2) whether 'exercise[ing] their discretionary jurisdiction . . . would raise serious questions about Article III jurisdiction'; and (3) whether the declaration would 'consume judicial time in order to produce a decision that may turn out to be irrelevant.'" *Peerless Ins. Co. v. Innovative Textiles, Inc.*, No. 1-19-CV-362, 2020 WL 137303, at *2 (M.D.N.C. Jan. 13, 2020) (quoting *Trustgard*, 942 F.3d at 201-02). A court may "look to whether jurisdiction *should*" be "exercised in [a] declaratory judgment action without first addressing whether Article III jurisdiction exists." *Trustgard*, 942 F.3d at 201. "Generally, courts decline to

3

hear declaratory actions regarding an insurer's duty to indemnify, largely because 'a declaration regarding the duty to indemnify may have no real-world impact if no liability arises in the underlying litigation.'" *Peerless Ins. Co.*, 2020 WL 137303, at *2 (quoting *Molex Inc. v. Wyler*, 334 F. Supp. 2d 1083, 1087 (N.D. Ill. 2004)).

   III.   Application

The factors described above weigh heavily in favor of dismissing Plaintiff's claim. Putting aside the question of whether any judgment would intrude on the prerogative of the North Carolina state court hearing the underlying action, this case raises significant questions about Article III jurisdiction and the wise use of judicial resources.

First, Plaintiff's claim raises significant questions about Article III standing and ripeness. As to standing, "[t]he 'irreducible constitutional minimum of standing' requires the petitioner to allege a concrete injury that is 'actual or imminent, not conjectural or hypothetical.'" *Trustgard*, 942 F.3d at 199 (quoting *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992)). "Ripeness, another justiciability doctrine, determines when a case or controversy is fit for federal judicial review. '[I]ts basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'" *Id.* (citing *Abbott Labs v. Gardner*, 387 U.S. 136, 148-49 (1967)). In *Trustgard*, the Fourth Circuit addressed the propriety of a declaratory judgment action brought by an automobile insurer seeking a declaration that it had no duty to indemnify a defendant involved in an ongoing state court personal injury action. *Id.* at 198-99. The Fourth Circuit found that the district court abused its discretion by issuing a declaratory judgment and expressed serious concerns regarding ripeness and plaintiff Trustgard's standing to bring such a claim:

> Trustgard's alleged injury—that it might have to guarantee a future judgment against Brown—is of a hypothetical and contingent nature: the injury may or

4

Case 5:20-cv-00082-M   Document 25   Filed 05/28/20   Page 4 of 6

> may not occur depending on the outcome of the state lawsuit. If Collins does not win a state-court judgment against Trustgard's insured, then a decision from this Court concerning Trustgard's obligation to guarantee such a judgment will have no effect. Thus, before any determination of liability, we risk issuing an advisory opinion. . . . That courts may not issue advisory opinions is one of the most long-standing and well-settled jurisdictional rules, reflected as early as 1793 when the Supreme Court refused to render an advisory opinion for President Washington. See Letter from Supreme Court Justices to George Washington (Aug. 8, 1793), in 13 THE PAPERS OF GEORGE WASHINGTON, PRESIDENTIAL SERIES 392–93 (Christine Sternberg Patrick ed., 2007). Although we recognize how valuable it might be for the parties to know an insurer's obligations before liability is resolved, practical value cannot overcome this fundamental limitation on our jurisdiction.

*Id.* at 200-01.

The Fourth Circuit recognized that declaratory judgment actions to determine a duty to indemnify prior to the resolution of an insured's liability risk being both premature and notional.

Here, the issues with ripeness and standing are even more acute. While courts within our Circuit have held, as *Trustgard* suggests, that Declaratory Judgment Act claims brought by insurers seeking to avoid a duty to indemnify before the underlying issue of liability has been adjudicated are constitutionally infirm, see, e.g., *Am. Auto. Ins. Co. v. Jacobs*, No. 1:11-cv-00332-MR-DLH, 2013 WL 2632602, at *2 (W.D.N.C. June 11, 2013); *FCCI Ins. Co. v. Island Pointe, LLC*, 309 F. Supp. 3d 399, 406 (D.S.C. 2018), what Plaintiff seeks before this Court goes one step further. ORIC is not asking the Court to adjudge whether or not it has a duty to indemnify C&G and Roundtree under its policy, which itself would be contingent upon C&G and Roundtree's liability in the state court action; but, instead, Plaintiff asks the Court to hold that, *in the event some subsequent court indeed finds that Plaintiff does have a duty to indemnify*, it is liable for no more than $30,000. Plaintiff's declaratory request seeks a judgment predicated upon multiple contingencies and raises constitutional concerns: Defendant C&G and Roundtree must be adjudged liable in the underlying state action, see *Trustgard*, 942 F.3d at 200; and a subsequent

5

court must also hold that AmGuard's policy does not cover the truck involved in the collision and that, instead, ORIC's policy does.

The third discretionary factor—whether a declaratory judgement may have no real-world impact—is closely tied to Plaintiff's issues with standing and ripeness. If this Court were to grant the declaratory judgment ORIC seeks, its utility would be contingent upon multiple outcomes that may never occur.

IV. Conclusion

In sum, considering the questions regarding Article III jurisdiction and the wise use of judicial resources, the Court declines to exercise its jurisdiction to hear this matter under the Declaratory Judgment Act.[1]

Accordingly, Defendant Estate of Fred O. Harris' motion to dismiss [DE-11] is GRANTED and Plaintiff's Complaint for declaratory relief [DE-1] is DISMISSED WITHOUT PREJUDICE. Further, Defendant Estate of Fred O. Harris' third-party complaint against AmGuard [DE-9] is also DISMISSED WITHOUT PREJUDICE. The Clerk is DIRECTED to close the case.

SO ORDERED this the 27TH day of May, 2020.

RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE

---

[1] Defendant Estate of Fred O. Harris filed a third-party complaint against AmGuard Insurance Company [DE-9], seeking a declaratory judgment that AmGuard has a duty to indemnify C&G and Roundtree in connection with any liability arising out of the state action. The Court declines to exercise jurisdiction over the third-party complaint for substantially the same reasons already described herein.